Karen L. Karr (014501)
**CLARK HILL PLC**
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone:    (480) 684-1100
Facsimile:    (480) 684-1168
Email:    kkarr@clarkhill.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Meadows, et ux,<br><br>  Plaintiffs,<br><br>  vs.<br><br>Second Chance Group Homes LLC, et al.,<br><br>  Defendants. | No. 2:15-cv-02454-JJT<br><br>**DEFENDANT'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** |

Defendants respectfully seek an order of this Court approving settlement of Plaintiffs' claims for alleged violations of the Fair Labor Standards Act. Defendants have been informed that Plaintiffs will not oppose this Motion.

As this Court has noted, it is no longer clear that settlement of litigated FLSA claims by represented Plaintiff must be approved by the Court to be binding. *See Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. 2012). However, in the absence of binding authority to the contrary, the parties respectfully seek this Court's approval of the parties' settlement of Plaintiff's claims.

Pursuant to this Court's July 8, 2016 Order (Doc. 23), the attached Settlement Agreement is filed under seal.

Respectfully submitted this 11th day of July, 2016.

**CLARK HILL PLC**

By  */s/ Karen L. Karr*
       Karen L. Karr
       *Attorneys for Defendant*

204741303.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND AND CLAIMS

Defendant Second Chance Group Homes LLC (SCGH) operates group homes for minors with developmental disabilities. Defendant properly tracked time worked and paid Plaintiffs, who worked at the homes. Plaintiffs now allege that they worked time that is not included on the time sheets. Defendant adamantly denies those allegations.

Despite Defendants' denial of liability, they understand that it would be more costly to litigate this case than to settle at this time. Therefore, to avoid the ongoing costs and risks of litigation, Defendants agreed to pay certain sums to Plaintiffs. The parties negotiated the terms of a Confidential Settlement Agreement, a copy of which is submitted (under seal) with this Motion as an Exhibit.

## II. THE PARTIES' AGREEMENT IS FAIR AND EQUITABLE.

When parties seek approval of an FLSA settlement, a district court may approve the settlement if it reflects a reasonable compromise over the issues to promote the policy of encouraging settlement of litigation. *Juvera v. Salcido*, 2013 U.S. Dist. LEXIS 176716, *23 (D. Ariz. 2013). While there are no agreed-upon factors to consider in evaluating a proposed FLSA settlement, the following may be relevant in the instant case.

### A. The Strength of Plaintiffs' Case and the Employer's Defense.

Plaintiffs' initial disclosures reveal their belief that they are due substantial damages for working 24-hour shifts. However, Defendants never asked or allowed employees (including Plaintiffs), to work 24-hour shifts. Rather, each house was staffed around the clock with employees working eight-hour shifts. Therefore, Plaintiffs' allegations are based on demonstrably erroneous assumptions.

Contrary to Plaintiffs' allegations, Defendant SCGH's records reveal that it kept track of time and paid Plaintiffs for all hours they worked.

204741303.1

### B. Risk, Expense, Complexity and Likely Duration of Further Litigation.

The parties have not yet begun discovery. If a settlement is not approved, the parties must engage in full-scale litigation – something neither party desires.

### C. Amount Offered in Settlement.

The attached Settlement Agreement reveals that Defendants will pay to Plaintiffs an amount sufficient to cover Plaintiffs' agreed-upon back wages, an equal amount as liquidated damages, and an amount for Plaintiffs' attorneys' fees. Defendant disputes that Plaintiffs are entitled to the amount it agrees to pay, and that the attorneys' fees are reasonable. However, it does not wish to expend further sums to litigate those issues.

### D. Potential Legal and Appeal Issues.

If this matter does not settle, Defendants will argue that the SCGH group homes are exempt from the overtime requirements of the FLSA. As this is an unsettled issue, it will necessarily entail an appeal, no matter which party prevails in the trial court.

### E. Experience and Views of Counsel.

Both parties were represented during settlement discussions. Plaintiffs' counsel and Defendants' counsel are both experienced in the litigation of FLSA claims. Plaintiffs' counsel believes it is a fair and equitable recovery for his clients. Defendants' counsel believes that the amount is a fair compromise over disputed claims and an appropriate amount to avoid the cost and risk of going to trial.

## III. CONCLUSION AND RELIEF REQUESTED

The parties to the Settlement Agreement believe it represents a fair and reasonable compromise of the complex and disputed issues in this case. The parties therefore respectfully request that the Court review the parties' proposed settlement, rule that the terms of the agreement represent a fair and equitable resolution of this action, and dismiss the claims of Plaintiffs with prejudice.

After conferring with Plaintiffs' counsel, Defendants hereby report that this Motion will be unopposed.

3

204741303.1

DATED this 11th day of July, 2016.

**CLARK HILL PLC**

By  */s/ Karen L. Karr*
     Karen L. Karr
     *Attorneys for Defendant*

I hereby certify that on July 11, 2016, I electronically filed the foregoing document to the Clerk's Office using the CM/ECF System for filing. Pursuant to Court order, the attachment is filed under seal.

*/s/ Deborah J. Lukas*

4

204741303.1